## E. R. Spotswood & Son v. Piles.

(Decided April 20, 1923.)

## Appeal from Casey Circuit Court.

1. Logs and Logging—Delay in Beginning Performance Held Waived. —If plaintiff's delay in beginning performance of a contract to cut sawlogs and deliver them as soon as possible, and to saw the logs, beginning at once, entitled defendant to refuse to perform the contract, defendant waived his right by thereafter measuring, accepting, and agreeing to pay for some sawlogs cut by plaintiff, and likewise accepting and agreeing to pay for the sawing of those logs and of other logs, which had been paid for when the contract was made.

2. Appeal and Error—Errors in Instructions as to Issues on Which Jury Found for Appellant are Harmless.—Where plaintiff sought recovery for six items in an action for breach of two contracts, errors in instructions submitting to the jury four items for which the jury allowed no recovery are not prejudicial to defendant.

3. Logs and Logging—Objection to Assignment of Sawing Contract Held Waived.—Defendant cannot avoid liability for breach of a contract to pay for sawing logs on the ground that he did not agree to the performance of that contract by plaintiff, who had purchased the mill of the original contractor, where defendant's agent measured and branded the lumber for which recovery was allowed after plaintiff had sought it, and as plaintiff testified, also agreed to pay him for sawing it.

4. Appeal and Error—Instruction Authorizing Recovery for Improper Items is Harmless, Where Verdict did not Allow Such Recovery.— If an instruction in an action for breach of contract to pay for sawing logs was erroneous, as permitting recovery for the sawing of logs, which the jury found belonged to plaintiff and not to defendant, the error was not misleading or prejudicial, where the jury allowed recovery only for sawing the logs which it found belonged to defendant.

5. Trial—Finding in Verdict for Plaintiff as to Unsawed Logs Held to Show Defendant not Charged with Logs Unaccepted by him.—In an action for breach of contract to buy logs and to pay for sawing them, where the jury allowed recovery only for the sawlogs accepted by defendant and for the sawing of the logs belonging to defendant, a statement in the verdict that plaintiff was to have back his standing timber and the logs not accepted, and defendant to have the lumber and logs for which recovery was allowed, which statement was not carried into the judgment, did not invalidate the verdict, since it only made clear the fact that the jury was not allowing plaintiff for the logs not accepted by defendant.

CHAS. F. MONTGOMERY for appellant.

STONE & MOORE for appellee.

Opinion of the Court by Judge Clarke—Affirming.

On April 27, 1920, the appellant, a corporation, by written contract purchased from appellee the sawlogs in a yard located on his farm on Locust creek, in Casey county, together with all the balance of the merchantable sawlogs that he could cut off of his farm. It paid him for the logs in the yard, and agreed to pay him $10.00 a thousand feet for the logs he was to cut and deliver on the same yard. He agreed to cut, deliver and pile the latter upon the yard "as soon as possible, and to keep a sufficient amount of logs piled on the yard to keep the mill regularly running until the job is finished;" and appellant agreed to pay for same in lots of 25,000 feet or more, as they were piled on the yard.

Upon the same day, appellant entered into a written contract with B. F. Sanders, by which he agreed to saw these logs into lumber, and to stack same on sticks as directed by appellant, for which it agreed to pay him $7.00 per thousand for beech, and $8.00 per thousand for other woods. It was further stipulated that Sanders was to move his mill to the Piles yard "at once, and to set up the same and commence the sawing, and to continue the same as much as possible until the job is finished."

On January 8, 1921, appellee instituted this action against Spotswood & Son, seeking in the first paragraph of his petition to recover of the defendant under his contract with it the following items:

(1) For 24,971 ft. of logs delivered by him on the yard and accepted by the defendant.......................$ 249.71

(2) For 25,000 ft. of logs delivered by him and refused by defendant.................................................. 250.00

(3) For lost profits on 250,000 ft. of uncut logs refused by the defendant............................................. 1631.25

$2130.96

In the second paragraph of his petition, he alleged that with the knowledge and consent of the defendant, he had purchased Sanders' mill and performed his contract with it until notified to cease operations thereunder; that

he was ready, willing and able to complete it, and he sought thereunder a recovery for the following items:

(4) 27,319 ft. of lumber accepted by defendant and for which it agreed to pay $7.00 per thousand ........................................................................$ 191.23

(5) 42,583 ft. of lumber sawed by him but refused by the defendant, @ $7.00 per thousand ...................................................................... 298.08

(6) Loss of profits on 250,000 ft., which defendant would not let him saw................................. 1125.00

$1615.31

Defendant's answer alleged a breach of both contracts, and its discharge because of the failure of plaintiff and Sanders to begin operations thereunder at once, or as soon as possible, or until about the last of September, and it denied that it had accepted any of the logs or lumber, or that it had agreed or consented to plaintiff's purchase of Sanders' mill or contract, or to his performance of the latter, or that it had breached either contract, or that plaintiff had been damaged by reason thereof, or that he was or ever had been ready, willing or able to perform either contract.

Issue was thus joined upon every material allegation of the petition, and upon a trial before a jury, a verdict was rendered in favor of the plaintiff under item (1) of the petition for $249.00 for logs delivered by him and accepted by the defendant under his contract with it, and under items (4) and (5) of the petition for $293.00 for about 41,850 feet of lumber at $7.00 a thousand, sawed by him under the Sanders contract, a part of which defendant accepted, and a part of it refused to accept.

From the judgment entered thereon, the defendant has appealed, urging as grounds for reversal: (1) The court erred in refusing a peremptory instruction offered by defendant, (2) the court erred in giving instructions Nos. 1, 2, 3, 4, 5, 6, 7 and 8, and (3) the court erred in not rejecting the verdict, and in entering judgment thereon.

The whole basis for the contention that the defendant was entitled to a directed verdict is the fact that the evidence showed without contradiction that neither plaintiff nor Sanders made any effort to perform either contract for some four or five months, although plaintiff's contract provided that he should perform it "as soon as possible,"

and the Sanders contract provided for its performance to be begun at once and to be completed as soon as possible, and that under such circumstances it was discharged from its obligations under both contracts as matter of law, and therefore entitled to a directed verdict.

Assuming but not deciding that this would have been true if there had been no waiver by the defendant of prompt performance, defendant was nevertheless not entitled to a directed verdict because of the fact that plaintiff proved, as we understand the evidence, that defendant not only agreed to his tardy performance of both contracts, but thereafter measured, accepted and agreed to pay him for the 24,971 feet of sawlogs covered by item (1) of the petition, and placed its brand upon same, and that it likewise accepted, branded and agreed to pay him for the sawing of these logs, and for something over 14,000 feet of the logs which were upon the yard and paid for by it when the contract was made.

Not only so, but these were the only items for which the jury found for the plaintiff, and there could be no possible need of our considering any of the instructions other than those submitting these items to the jury, which are instructions numbered 2, 5 and 6. Defendant could not have been prejudiced by the other instructions against which practically all of the criticism of its counsel is directed, but upon which the jury found for it, even if, as claimed, the court in instruction No. 1 submitted a question of law to the jury, and in 3, 4, 7 and 8 erroneously submitted the other matters in dispute.

Instruction No. 2, under which the plaintiff was awarded $249.00 for logs delivered and accepted by defendant, is not criticised at all. Instructions 5 and 6, under which he was awarded $293.00 for sawing these logs and others for which defendant had already paid him, are said not to have been authorized by the evidence because of plaintiff's failure to prove that defendant agreed to his performance of its contract with Sanders; but with this view of the evidence we are unable to agree, not only because of plaintiffs' testimony on that point, but more especially because of the fact that defendant's agent at least measured and branded this lumber after plaintiff had sawed it, and, as plaintiff testified, also agreed to pay him for sawing it.

Another criticism of the sixth instruction is that it permits a recovery for all of the lumber the jury believed from the evidence that plaintiff sawed, other than that

mentioned in instruction No. 5, regardless of whether or not it was accepted by the defendant, and that the jury could have found thereunder for the plaintiff for sawing logs which the jury held under other instructions belonged to him, and not to defendant. A sufficient answer to this criticism is found in the fact that the jury did not so do, but allowed plaintiff only for sawing 41,850 feet, which the evidence shows plaintiff sawed partly from the logs for which the defendant had paid when the contract was made, and partly from logs he later delivered and it accepted.

Hence, even if the instruction was erroneous as claimed, it neither misled the jury nor prejudiced the defendant.

The final complaint is that the court erred in refusing to reject the verdict of the jury, and in entering judgment thereon. The verdict, after indicating the jury's finding under each of the several instructions, summarizes as follows:

"For logging........................................................................$249.00
For sawing in item 5.......................................................  293.00
                                                                                            ————
                                                                                            $542.00

"We, the jury, find for the plff. Piles $542.00 for sawing and logging as marked on instruction No. 1, and 5 for lumber sawed & on sticks & logs took up and branded, giving Piles back his timber standing and logs on ground not branded; Spotswood to have said lumber and logs branded.

"LINCOLN WELLS, Foreman
Agreed to by all the Jury."

The objection to the verdict is, that it not only awards plaintiff $542.00 for logs and sawing, but goes further than was authorized by any instruction, and adjudges the ownership of standing timber and logs on the ground not branded, as well as all the lumber and logs branded. This part of the verdict, however, was not carried into the judgment, and besides it is not objectionable, even though the question of ownership was not submitted to the jury, since it only makes clear the fact that the jury was not allowing plaintiff to recover for either logs or sawing except for such as had been accepted and branded by the defendant, and for both these logs and this lumber they were authorized, not only by the instructions but by

the evidence as well, to find for the plaintiff, just as they did, and the fact that they also correctly adjudged the ownership of the logs and lumber involved, although not called upon to do so, served only to make clear their findings upon the questions submitted to them, and did not prejudice the defendant in the least.

We have been unable to find any error in the record prejudicial to the defendant's substantial rights, and the judgment is affirmed.